**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: AUGUST S. DEITZ, JR.,
<u>Debtor.</u>

AUGUST S. DEITZ, JR.,
<u>Plaintiff-Appellant,</u>                                                    <u>No. 96-2212</u>

v.

DONALD DEITZ; NORMA EDENS;
GENEVIEVE PROMITICO,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-95-2099-L, BK-93-5-5612-SD, AP-93-5495-SD)

Argued: May 8, 1997

Decided: June 11, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges, and
CURRIE, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Peter Baldwin Turney, Baltimore, Maryland, for Appel-
lant. Anthony Peter Palaigos, BLUM, YUMKAS, MAILMAN, GUT-

MAN & DENICK, P.A., Baltimore, Maryland, for Appellees. **ON BRIEF:** Tammy C. Drescher, BLUM, YUMKAS, MAILMAN, GUTMAN & DENICK, P.A., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant August S. Deitz, Jr., appeals the decision of the district court affirming the holding of the bankruptcy court that principles of collateral estoppel bar him from relitigating the issue of defalcation after state courts have found him to have breached his fiduciary duties as personal representative.

I. FACTS

August S. Deitz, Sr. ("Decedent") died on April 22, 1986. An estate for Decedent ("Estate") was duly admitted for probate with the register of Wills for Baltimore County. August S. Deitz, Jr. ("Debtor") was appointed personal representative of the Estate and served in that capacity throughout the duration of the Estate. Peter B. Turney ("Turney"), counsel for Debtor in this appeal, was hired by Debtor in late 1987 to act as Debtor's attorney in his capacity as personal representative.

The total value of the Estate was estimated at $158,000, which consisted of three separate parcels of real estate and various personal property. One of the real estate parcels is a five and one half acre tract located off Inwood Avenue (the "Property").

The relevant portions of Decedent's Last Will and Testament called for distribution of the Property as follows: one acre to Norma Edens, one acre to Genevieve Promitico, two acres to Donald Deitz

2

and one half acre to Debtor. Prior to Decedent's death, the Property had not been subdivided into separate and distinct parcels or lots that could accommodate the distribution. Litigation in state court, resulting in judgments against Turney and Debtor, stemmed from their fruitless efforts to subdivide the Property.

## II. STATE COURT PROCEEDINGS

On April 8, 1992, the Orphan's Court of Baltimore County found that both Debtor and Turney had acted in bad faith. Debtor and Turney were ordered to file a final administrative account and to reimburse petitioners' fees. They appealed to the Circuit Court for Baltimore County which heard the matter de novo and entered judgment against Debtor and Turney following a two-day trial. Specifically, the Circuit Court held that Debtor and Turney had breached their fiduciary duties to appellees and entered judgment against them totaling $15,439.90. On appeal of that order, the Court of Special Appeals of Maryland affirmed the Circuit Court in an unreported decision.

Upon Debtor and Turney's motion for reconsideration, the Court of Special Appeals vacated only the award of attorney's fees and remanded to Circuit Court finding: 1) confusion as to the proper period of time for which to assess attorney's fees; and 2) no explicit finding that Debtor had acted in bad faith without substantial justification, a prerequisite for award of attorney's fees. Pursuant to this mandate, the Circuit Court entered an order reducing the award of attorney's fees from $7,905 to $4,500.

Debtor and Turney again appealed to the Court of Special Appeals which affirmed and denied Debtor and Turney's subsequent motion for reconsideration. Next, Debtor and Turney filed a petition for a writ of certiorari to the Court of Appeals of Maryland, which denied the petition on October 10, 1996.

## III. FEDERAL PROCEEDINGS

In the middle of his state court challenges, Debtor filed a Chapter 7 bankruptcy petition on August 18, 1993, and a complaint to recover

3

$300 in wages garnished by appellees. Appellees filed an answer and counterclaim alleging that the Circuit Court judgment was not dischargeable as the underlying debt was incurred by virtue of Debtor's breach of fiduciary duty. On cross motions for summary judgment, the Bankruptcy Court denied Debtor's motion to recover garnished wages and granted appellees' counterclaim to determine dischargeability of debt, holding that the debt was not dischargeable under Section 523(a)(4) of the Bankruptcy Code. On appeal, the district court affirmed noting that principles of collateral estoppel apply in nondischargeability proceedings and bar appellant's relitigation of the defalcation issue.

Based upon the reasons outlined in the memorandum accompanying the district court's order, we affirm.

<u>AFFIRMED</u>

4